IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLIE STEWART,

                      Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES,

                      Defendant.

OPINION and ORDER

19-cv-5-jdp

---

This case arises out of a dispute about the collection of a debt. Pro se plaintiff Kellie Stewart is suing defendant Portfolio Recovery Associates under the Fair Debt Collection Practices Act and state common law. She has filed a document that is simply titled "motion," but is called "proposed motion for summary judgment" on the docket. Dkt. 6. For the reasons explained below, I will deny the motion.

Most of Stewart's 18-page motion is devoted to replying to Portfolio Recovery's answer. But replies to an answer are not permitted under the Federal Rules of Civil Procedure unless the court orders a reply. Fed. R. Civ. P. 7(a)(7). I have not ordered a reply in this case and do not intend to do so. Stewart is not prejudiced because, under Rule 8(b)(6), "[i]f a responsive pleading is not required, an allegation is considered denied or avoided."

On the last page of her motion, Stewart makes several requests. First, she asks the court to compel the production of various documents. But if Stewart wants to obtain information from Portfolio Recovery, she must first submit a request to Portfolio Recovery, following the instructions in the preliminary pretrial conference order, *see* Dkt. 8, at 6–7, and the Federal Rules of Procedure. She may not ask the court to compel discovery unless Portfolio Recovery fails to respond or raises an improper objection. *See* Fed. R. Civ. P. 37.

Second, Stewart asks the court to "strike" Portfolio Recovery's notice of removal, but she doesn't explain why. Because Stewart included a federal claim in her amended complaint, Portfolio Recovery was entitled to remove the case from state court to federal court under 28 U.S.C. §§ 1441 and 1446.

Third, Stewart asks the court to strike several of Portfolio Recovery's affirmative defenses. But, again, she doesn't explain why, so I will deny this request as well.

Fourth, Stewart asks the court to grant summary judgment in her favor. But a plaintiff is not entitled to summary judgment on her claims unless she sets forth specific facts showing why no reasonable jury could render a verdict in favor of the defendants. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986). Stewart hasn't cited any evidence in support of her claims or even clearly articulated how Portfolio Recovery violated her rights, so she is not entitled to summary judgment.

ORDER

IT IS ORDERED that plaintiff Kellie Stewart's motion, Dkt. 6, is DENIED.

Entered March 13, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge